IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANDREW GARETH NELSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-090 |
| | ) | (Formerly CR 113-032) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Elkton Federal Correctional Institute in Lisbon, Ohio, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.   BACKGROUND**

**A.   Indictment and Trial**

On February 7, 2013, the grand jury in the Southern District of Georgia charged Petitioner with one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). United States v. Nelson, CR 113-032, doc. no. 1 (S.D. Ga. Feb. 7, 2013) (hereinafter "CR 113-032"). The Court appointed attorney John B. Long under the Criminal Justice Act to represent Petitioner. CR 113-032, doc. no. 12.

On December 9-11, 2013, Petitioner's first trial ended in a mistrial. See id., doc. nos. 66, 68, 71-72. Petitioner was tried again on February 3-5, 2014. See id., doc. nos. 103-105. The Eleventh Circuit provided the following detailed description of the facts underlying the offenses based on evidence introduced at this trial:

> On January 5, 2013, Nelson entered a Wells Fargo bank in Martinez, Georgia, carrying a duffel bag and wearing all black, including a hood, a mask, gloves, and sunglasses. Nelson brandished a fully loaded 9-millimeter pistol upon entering the bank and demanded that the bank tellers load money "with no dye packs" into his duffel bag. After the bank tellers placed $2,357 in cash in the bag, along with a dye pack, Nelson fled the bank on foot into nearby woods.
>
> Meanwhile, based on a silent alarm call from the bank, law enforcement officers responded to the scene and established a perimeter around the bank. Within minutes of the silent alarm call, officers located and detained Nelson near the woods by the bank. Nelson's 9-millimeter pistol and hands appeared red from an apparent explosion of the dye pack.
>
> From the woods near the bank, officers recovered Nelson's duffel bag, which contained the money from the robbery covered in red dye, a jacket doused in Clorox bleach, a fully loaded magazine that fit the 9-millimeter pistol, and a mask. Subsequently, law enforcement found Nelson's Mercury Marquis parked across the street from the bank and learned that Nelson purchased both the pistol and the mask within two days before the robbery.

United States v. Nelson, 609 F. App'x 559, 561 (11th Cir. 2015).

At the close of deliberations during this second trial, the jury found Petitioner guilty of both counts. CR 113-032, doc. no. 106.

### B. Sentencing

Upon Petitioner's conviction, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-four, Criminal History Category at I, and Guidelines imprisonment range at 51 to 63 months, plus an eighty-four month consecutive sentence as to Count Two. PSI ¶ 53. Because Petitioner was convicted under 18 U.S.C. § 924(c)(1)(A)(ii), the statutorily required

2

term of imprisonment was at least seven years and not more than life, and that term of imprisonment could not be served concurrently with any other term of imprisonment imposed. PSI ¶¶ 51, 52. Therefore, his guideline range for the brandishing charge was the statutory minimum—eighty-four months consecutive to his sentence on Count One. PSI ¶ 60.

Petitioner, through counsel, filed three objections to the PSI. See PSI Add. First, Petitioner contended that based on the two mental health evaluations performed by the Bureau of Prisons, he should have received a three-point reduction for acceptance of responsibility and shouldnot have received a two-point enhancement for obstruction of justice. Id. Second, Petitioner objected to the information in Paragraph 32, contending the underlying documentation supporting this paragraph was never produced. Id. Finally, Petitioner contended he should have been granted a downward departure under U.S.S.G. § 5K2.13 based on diminished capacity. Id.

At sentencing on April 29, 2014, United States District Judge Dudley H. Bowen, Jr., overruled Petitioner's first and third objections to the PSI, and in response to the second objection added a sentence to Paragraph 32 reading, "The entirety of this paragraph 32 came from testimony of Mr. Nelson and his former wife as explained from time to time by counsel." See CR 113-032, doc. no. 133. Judge Bowen imposed a sentence of imprisonment of 183 months. Id., doc. nos. 122, 123. Judgment was entered on May 2, 2014. Id., doc. no. 123.

### C. Appeal

Petitioner appealed his guilty convictions to the Eleventh Circuit. Nelson, 609 F. App'x at 561. Petitioner, through counsel, raised the following grounds of error on appeal:

3

1. The Court's § 3006A(f) order directing CJA reimbursement (1) deprived him of favorable testimony by his ex-wife, as she was not receiving child support payments; and (2) "usurped certain powers of Congress," as multiple federal statutory schemes, such as the Bankruptcy Code, suggest that child support payments should take priority over other types of monetary obligations.

2. The Court abused its discretion under 18 U.S.C. § 3006A(e) in denying his motion for the appointment of additional, independent mental health experts, a private investigator, and additional legal counsel.

3. The Court violated his due process rights by denying his § 3006A(e) motion for the appointment of additional, independent mental health experts, a private investigator, and additional legal counsel, thereby depriving him of a fair trial.

4. The Court violated his due process rights by failing to adequately notify him of the nature of the continued hearing on the § 3006A(e) motion that was ultimately used to quiz him on his language skills.

5. The Court's comment about Dr. Chin's gullibility and suggestion that he was improperly awarded VA disability benefits demonstrated the Court's bias and failure to give him a fair trial.

6. The Court abused its discretion in denying his motion for a new trial because of various instances of unfairness at trial, including the denial of expert assistance, the language quiz, and the Court's comments about Dr. Chin and his VA benefits.

7. The Court erred in enhancing his sentence based on obstruction of justice because he never contested the underlying facts of the robbery offense and had a reasonable basis for raising an insanity defense.

8. The Court erred in not granting him an offense-level reduction for acceptance of responsibility.

9. The Court erred by denying him a downward departure for diminished capacity pursuant to U.S.S.G. § 5K2.13 because, according to both Dr. Schlessinger's and Dr. Chin's reports, he suffered from mental illness.

Id. at 571-578. As an initial matter, the Eleventh Circuit dismissed for lack of jurisdiction Petitioner's appeal of the Court's order directing CJA reimbursement. Id. at 571-72. The Eleventh Circuit then found all of Petitioner's remaining arguments regarding his convictions

4

and sentencing meritless and affirmed Petitioner's convictions on June 4, 2015. Id. at 578. Petitioner applied for a writ of certiorari to the United States Supreme Court which was denied on October 5, 2015. Nelson v. United States, 136 S. Ct. 238 (2015).

**D.    § 2255 Proceedings**

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 576 U.S. -, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 578 U.S.-, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Petitioner signed the instant § 2255 motion and supporting memorandum on June 20, 2016, and the Clerk of Court filed it on June 24, 2016. (Doc. no. 1, pp. 1, 13; doc. no. 2, p. 7.) Petitioner raises one ground for relief, asserting that after Johnson, "the definition of 'Crime of Violence' under § 924(c) is now unconstitutionally vague" because its language is "virtually identical to the 'residual clause' that was struck down . . . in US v. Johnson." (Doc. no. 1, p. 4); see also (doc. no. 2, pp. 2-7). Petitioner does not challenge his underlying conviction or raise any of the arguments he raised on appeal. Petitioner only asks to be resentenced without the § 924(e) enhancement, and contends the proper range is 51 to 64 months of imprisonment. (Doc. no. 1, p. 13; doc. no. 2, p. 7.)

5

Respondent contends Petitioner's § 2255 motion should be denied because the Eleventh Circuit addressed an identical claim in In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016), and "refused even to find a prima facie Johnson claim." (Doc. no. 4, p. 3.)

## II. DISCUSSION

### A. There is No Need for an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004). Because Petitioner's claims lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

### B. Petitioner's Johnson Claim Has No Merit.

Petitioner was convicted of violating 18 U.S.C. § 924(c)(1)(A)(ii) by using, carrying, and brandishing a firearm during a crime of violence. CR 113-032, doc. no. 1, p. 2. Distinct from § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during an in relation to a crime of violence or drug

trafficking crime, or possesses a firearm in furtherance of such crimes. For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The former clause is commonly referred to as the "use-of-force" clause and the latter clause is known as the § 924(c)(3)(B) residual clause.

The Eleventh Circuit has not decided whether Johnson applies to § 924(c) by invalidating sentences which relied on § 924(c)(3)(B)'s residual clause. In re Pinder, 824 F.3d 977, 979 (11th Cir. 2016). However, the Eleventh Circuit has noted that the ACCA's residual clause and the § 924(c)(3)(B) residual clause have differing language and statutory purpose. In re Colon, 826 F.3d 1301, 1304 (11th Cir. 2016).

Although whether Johnson applies to § 924(c)'s residual clause is an open question, the Eleventh Circuit has determined that an armed bank robbery conviction under 18 U.S.C. § 2113(a) qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A). In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016).

Here, in addition to being convicted of using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii), Petitioner was convicted of armed bank robbery. CR 113-032, doc. nos. 1, 106. In the indictment, Petitioner was charged with, and convicted of, one count of "by force, violence and intimidation . . . tak[ing] from the person and presence of another, that is bank tellers . . . [,] approximately $2357.00 in United States Currency belonging to and in the care, custody, control, management and possession of

7

the Wells Fargo Bank, . . . and in committing such offense, . . . assault[ing] and put[ting] in jeopardy the lives of . . . other persons by use of a . . . firearm, in violation of Title 18, United States Code, Sections 2113(a) and 2113(d)." Id., doc. no. 1, p. 1. Consequently, even if Johnson invalidates § 924(c)'s residual clause, Petitioner's conviction for armed bank robbery qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A). See Hines, 824 F.3d at 1337 (holding armed bank robbery meets use-of-force clause of crime of violence under § 924(c)(3)(A)). Accordingly, Johnson does not provide Petitioner with relief, and his motion should be denied.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 7th day of March, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA